HOWE          *Charles Denby,* for the appellant.
v.
YOUNG.        *James G. Jones,* Attorney General, and *E. B. Seymour,*
          for the State.

---

### HOWE *v.* YOUNG.

> In complaints before a justice of the peace, the same fullness, certainty and
> formality of statement is not required, as is demanded in complaints in
> the superior courts.
>
> If a party does a wrongful act, or a rightful one in a negligent, wrongful
> manner, whereby injury happens to another, such act being the proxi-
> mate cause, the party committing the act may be liable for the injury.
>
> Negligence consists in the omitting to do something that a reasonable man
> would do, or the doing something that a reasonable man would not do;
> in either case causing, unintentionally, mischief to a third party.

*Friday,*     APPEAL from the *Ripley* Circuit Court.
*June 7.*
          PERKINS, J.—The following complaint was filed before a
justice of the peace of *Ripley* county:

     "*William H. Howe,* plaintiff, complains of *Nicholas Young,*
defendant, and says the defendant on the 13th day of *July,*
1859, at said county of *Ripley,* did mischievously cause to
be injured the horse and buggy of the plaintiff, by driving
his, said defendant's, horses and wagon along the public high-
way in a fast, improper, and reckless manner; thereby causing
so loud a noise as to frighten, and otherwise frightening by
such fast, reckless and improper driving, the horse of plaintiff,
stationed and securely fastened along the side of said highway,
where the plaintiff had a right to station his horse and buggy,
so as to cause the plaintiff's horse to run away and break the
buggy of plaintiff, to which he was harnessed, to the damage
of the horse and buggy of $75." Wherefore plaintiff sues
and demands judgment for $75. A demurrer was sustained
to this complaint before the justice, and again on appeal to
the Circuit Court.

This suit having originated before a justice, the same fullness, certainty and formality of statement is not required, as is demanded in complaints in the superior courts. 11 Ind. 203; 9 *id.* 502, 522; 6 *id.* 78; 3 *id.* 513; 2 *id,* 551, 636; 4 Blackf. p. 179, 420; 2 *id.* 237.

We think the complaint in this case alleges a cause of action. See 2 Hill. on Torts, p. 506. If a party does a wrongful act, or a rightful one in a negligent, wrongful manner, whereby injury happens to another, such act being the proximate cause, the party committing the act may be liable for the injury. And negligence has been defined to " consist in the omitting to do something that a reasonable man would do, or the doing something that a reasonable man would not do; in either case causing, unintentionally, mischief to a third party." 1 Hill. on Torts, p. 124.

The cases of *Wright* v. *Brown,* 4 Ind. 95; and *The Pittsburg, &c. Co.* v. *Karns,* 13 Ind. 87, seem to be in point with that at bar. See, also, *Wright* v. *Gaff,* 6 Ind. 416; and *Durham* v. *Musselman,* 2 Blackf. p. 96.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*E. Dumont* and *G. Durbin,* for the appellant.