THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant,
*v.* WILLIAM R. PHELPS, Appellee.

APPEAL FROM JACKSON.

An omission to ring a bell or sound a whistle at a road-crossing by the servants of a railroad company, does not render the company liable for injury to animals, unless it is made to appear that the ringing or sounding would have prevented the injury.

A person is guilty of negligence who permits his animals to go upon a railroad track, at a place where the company is not bound by law to fence.

Where a company is not bound to fence its road, it is only liable for injury to animals, resulting from wantonness or gross negligence.

PHELPS, the appellee, brought an action against the railroad company, before a justice of the peace, to recover the value of a horse, killed in the town of Carbondale, by the locomotive of the company. Phelps recovered a judgment. The company then took an appeal to the Circuit Court of Jackson county, where Phelps again recovered a judgment, and the company appealed to this court.

The train which killed the animal was a passenger train. Carbondale was a station at which the train stopped and took in wood, after which it started slowly at first, but increased in speed. The animal killed was away from the track, and in the streets of the village, but soon after the train started, it ran upon the railroad track and was killed, within the village. As usual, there was a difference among witnesses, as to the fact of the sounding of the whistle, or the ringing of the bell.

W. H. GREEN, for Appellant.

W. J. ALLEN, and R. S. NELSON, for Appellee.

WALKER, J. Negligence cannot be imputed to the company for failing to fence at the place of the accident, as no such duty was imposed at that point. Nor does it appear that the train was running at an unusual or improper speed. Nor does it appear that the engineer was guilty of negligence, as

he was on the look-out at the time. There was evidently no lack of duty in any of these requirements. And if a liability has been incurred, it is by the neglect of some other duty.

It is, however, urged, that the failure to ring the bell or sound the whistle creates that liability. The statute requires railroad companies to ring a bell or sound a whistle at all road-crossings, and on default, they are made liable to a penalty of fifty dollars, and for all damages sustained by reason of such neglect. No witness could state that this injury resulted in consequence of a failure to ring the bell or to sound the whistle, The injury did not occur at a road or street-crossing, and it must be inferred that a failure to ring the bell or sound the whistle at the street-crossing did not produce the injury, unless by doing so it would have prevented the animal from attempting to cross the road as it did. And, as one of the witnesses stated, no person could tell what a horse would have done if the bell had been rung or the whistle had been sounded. We think there was a total failure of evidence to prove, or evidence that even tended to prove, that the injury was the result of the failure.

Again, if it could be conceded that the company were guilty of negligence, the defendant in error was also blamable in permitting his animal to run on the track at a place where the company were not required to fence. *Chicago and Mississippi R. R. Co.* v. *Patchin*, 16 Ill. 198, where it is laid down as a rule, that where a railroad company are not bound to fence, they are only liable for gross neglect or wanton injury to stock. Here there seems to be no pretense that the injury was wanton, or that the servants of the road were guilty of gross neglect. The engineer testifies, that after the stock was discovered, no person on earth could have prevented the injury, owing to their nearness to the engine, and its momentum at the time. This case seems to have been much freer from neglect than *Chicago and Mississippi R. R. Co.* v. *Patchin*, and yet the court there held there was no right of recovery. The evidence in this case does not sustain the verdict, and the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*