<hr />

The Indianapolis and Cincinnati R. R. Co. *v.* Wright.

DAMAGES—MUTUAL NEGLIGENCE.—Where there is mutual negligence, if the defendant can not avoid the accident by reasonable care and skill, the plaintiff can not recover; nor can he recover where his negligence is proximate, and directly and materially contributes to the result, if the defendant could not have avoided the accident by ordinary care.

The Indianapolis and Cincinnati R. R. Co. *v.* Wright.

PLEADING—PRACTICE.—Some points of pleading and practice are considered by the Court in the opinion herein, which are not susceptible of brief statement, and the reader is therefore referred to the opinion at length.

APPEAL from the *Shelby* Common Pleas.

HANNA J.—This case has been here twice before; 13 Ind. 213; 18 *id*, 168. After the latter reversal, an additional paragraph was added to the complaint, by which it was alleged that, in 1852, the plaintiff, being the owner of the land, &c., conveyed by quit claim to said company a strip of eighty feet wide, through the same, for said road, "provided said company would make three pits and haul all the good rail timber on said eighty feet, outside of said space for the use of said plaintiff; and, also, clear all the timber and brush from off said land;" that the road was constructed upon said strip and operated by the company, and that defendant did not clear off and remove said timber, &c., but wilfully and carelessly cut down into and across a small stream of water running through said eighty feet the trees growing and standing thereon, and wrongfully, &c., suffered said timber to remain across said stream of water until, &c.; that said road crosses said stream where it passes through said strip, &c., at which point the defendant constructed a culvert for the use of said road; that on, &c., the said stream became much swollen, and thereupon the defendant, by her agents and employees, wilfully, wrongfully, &c., pushed and moved the logs, &c., so felled across said stream, down said stream and against the fence of said plaintiff below said track, and thereby removed said fence, which was used to inclose a large pasture, adjoining, &c., in which were thirteen head of large cattle of plaintiff; that said fence, but for the wrongful act of the defendant, was sufficient to keep and confine, &c.; but that, in consequence of such acts of the defendant, said cattle escaped from said pasture, through the opening thus made in the fence, on

to the road track, and were there wrongfully ran upon and killed by the locomotive, &c., of the defendant."

Previous to filing this fifth paragraph, the defendant moved to strike out the fourth paragraph, which was overruled, and also moved that the plaintiff be compelled to elect upon which paragraph, the third or fourth, he would try, on the ground that the third was based upon tort, and the fourth upon contract; this was also overruled.

A demurrer to the complaint assigning for cause that, "causes of action had been improperly united," was also overruled.

After the fifth paragraph was filed, by leave of the Court, a motion was made, and overruled, to strike it out; a like ruling was made on a demurrer thereto.

Thereupon, on leave, the answer before then filed was withdrawn, and the defendant answered:

1. Denial.

2. Carelessness of plaintiff, in this: that he neglected to repair his fence, &c., or to remove his cattle, &c.

3. As to the part of the complaint in reference to the duty of the defendant to remove the logs, &c., from said eighty feet, the statutes of limitations.

4. As to the charge of wrongful acts, &c., in pushing, &c., timber into the stream, that by reason of the swollen condition of the stream, timber and brush had, by the natural flow thereof, been carried against the culvert, &c., and to save it from being broken it became and was necessary to remove the same; which was done with due care, but a portion floated down, &c.

A demurrer was filed to each paragraph of the answer; sustained as to the third and overruled as to the others.

Reply in denial.

Jury trial, verdict and judgment for the plaintiff for 152 dollars and 50 cents, over a motion for a new trial.

The Indianapolis and Cincinnati R. R. Co. *v.* Wright.

It appears to us that the motion and demurrer, based upon the theory that the third paragraph was in tort, and the fourth and fifth in contract, were correctly ruled upon. The leading idea, the gi-t, of the fourth and fifth paragraphs is, that, by the wrongful and tortious acts of the defendant, the plaintiff had been damaged. The manner in which the alleged wrong was perpetrated is detailed with particularity. The averments in reference to the conditions of the deed, and the failure of the defendant, in regard thereto, are but matters of inducement stated preliminary to the main charge of the wrongful act of the defendant.

A more difficult question is presented upon the ruling on this motion to strike out all that part of the complaint in reference to the contract to clear off the timber—in other words, the non-fulfillment of the condition in the deed. The same question is raised upon objections to the admission of evidence of the failure of the company to comply. The rulings of the Court in the progress of the case upon these points was against the defendant.

In the charges to the jury, the Court appears to have left entirely out of view the acts of, or failure to act by, the defendant in regard to cutting down and leaving upon the ground, or failing to remove the timber, &., from said strip of land, and placed the right of the plaintiff to recover upon the establishment of wrongful acts by defendant in shoving logs, &c., into the stream and through the culvert, so that they were carried against the fence, &c.

Under these circumstances, we are rather inclined to the opinion that, if the charges, thus given, fairly embodied and presented the questions, in litigation to the jury, we should not disturb the finding, even if the Court had erred in refusing to shape the pleadings as asked, or in admitting the evidence objected to.

But, did the Court err in that behalf?

The Indianapolis and Cincinnati R. R. Co. *v.* Wright.

The substance of the charges made by the plaintiff against the defendant, was that the defendant by misconduct and wrongful acts had injured the plaintiff. The answer, among other things, was that the damage had resulted immediately from the negligence of the plaintiff. This part of the answer was anticipated by that part of the complaint which attempted to show that, although the plaintiff had agreed to keep up the fences, yet there was, also, a further agreement that the defendant was to do certain things, which had not been done as agreed, and that by the failure to do as agreed, the defendant had, to say the least, made it more difficult for the plaintiff to keep up said fence, in this: that by partly performing the agreement, and negligently and carelessly leaving a part unperformed, the defendant had contributed to the wrong and injury which resulted to the plaintiff; and that such careless and wrongful act could be taken into consideration in connection with the subsequent acts of the employees of defendant, in determining the question of the proximate cause of the injury to the plaintiff.

But, aside from any liability arising out of precedent agreements, we will look a moment to the respective rights and relative duties of the parties.

Here, the company had a strip of land, eighty feet wide, through the farm of the plaintiff, and, we suppose, could use and enjoy that in any manner, not inconsistent with the grant, that it might determine—subject, nevertheless, to the rule of universal application, that every person in the enjoyment of his own property, shall so use it as not to injure the property of his neighbor.   Broom's Maxims, 248; *Knewbaker* v. *The Cin. R. R. Co.*; 3 Amer. L. Reg. 359.

And to the further rule that, reasonable care is an universal duty of all men, in all cases and in all relations.  8 Amer. L. Reg. 390.

Tested by these rules and principles, the question is, whether

the defendant so used its property? The evidence strongly tends to show culpable negligence, in this respect upon the part of the defendant, in this: that timber, &c., were cut down across and into the small stream mentioned, and suffered to remain there for an unreasonable length of time; so situated as to be exposed to be lifted and carried down against the fence with a rise of the waters of said stream· It was reasonable to anticipate such an event and to foresee the consequences, so far as the injury to the fence was involved. This was the remote cause of the injury and could have been prevented by the removal or destruction of the timber, &c. It would certainly put a different face on the affair if the timber, &c., had been carelessly placed and left above the culvert by the plaintiff; and, perhaps, but of this we determine nothing, the rule might be different if the drift wood had been brought from points beyond the immediate control of the defendant.

It appears to us, then, as before stated, that this was a matter proper to be considered, in connection with the immediate acts of the defendant's employees in attempting to dispose of the timber when it was in the swollen stream above the culvert and road track, to arrive at a correct solution of the inquiry whether the damage resulted from the wrongful and careless acts of the defendant. 1 Hilliard on Torts and Authorities, p. 93–99.

Whether the plaintiff contributed to the perpetration of the injury, by careless and negligent conduct, in failing to put up the fence, or removing his cattle, were questions that were, by the pleadings, evidence and instructions, fairly presented to, and, we suppose, passed upon by, the jury.

It is pretty hard to settle upon any set formula of words that will in every case, that may arise, show the non-liability of a defendant because of the acts of the plaintiff in regard to the same injurious act. When there is mutual negligence,

if the defendant can not avoid the accident by reasonable care and skill, we suppose the plaintiff can not recover; so where the negligence of the plaintiff is proximate, and directly and materially contributes to the result, and the defendant can not by ordinary care avoid the accident. 1 Hilliard on Torts, 162; *Evansville, &c.* v. *Hiatt*, 17 Ind., 104; *Doon* v. *Mann*, 10 M. & W. 542; *Dowell* v. *The Steam Nav. Co.* 5 Ed. & B., 195; *New Haven St. B. Co.* v. *Vanderbilt*, 16 Conn., 421; *Birge* v. *Gardiner*, 19 *id.*, 507.

This Court has heretofore held that suits based upon kindred principles with this, could be sustained. *Porter* v. *Allen*, 8 Ind., 1, we think, is in point. It was shown that a log had lodged in the *Ohio* river within seventy-five yards of the defendant's landing, at his coal slide, and interfered with and threatened the destruction thereof. The defendant caused a steam boat to be fastened to it, and it was hauled out six hundred feet into the stream, and left on a bar, about fifty yards from the channel. When the water raised, the flat boat of the plaintiff ran on to said log, was snagged, and sunk. For this the plaintiff recovered. The Court say that, "being an obstruction to the defendant's business, and dangerous to his property, he had an undoubted right to remove the log; but in the exercise of such right, the law would not allow him to leave the removed log, at a place in the river, where it would be likely to endanger the property of others." And, again, "the defendant, for the protection of his property, no doubt, had a right to remove the log, but the point of inquiry is, was its removal to a place in the river where boats can and do run, a reasonable exercise of his rights—a cautious regard for the rights of others?" See, also, *Howe* v. *Young*, 16 Ind. 312, and *Young* v. *Harvey, id.*, 314, and authorities cited in those two cases, where the whole question is considered.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Hendricks & Hord,* for the appellant.
*Stephen Major,* for the appellee.