## SMITH *v.* THOMAS and Others.

NEGLIGENCE— PROXIMATE CAUSE.—Plaintiff lent his gun to four boys, the defendants. The gun was loaded. The boys returned the gun loaded with a dangerous charge, and told him they had not discharged it, for the mischievous purpose of having plaintiff kicked when he might shoot it off. Plaintiff suspected the boys of falsehood; tried to see them, but did not; examined the gun for himself; found from six to eight inches of load in it; then discharged it voluntarily, holding it around the corner of the house to shield himself, and was wounded.

*Held,* that the conduct of the boys was not the proximate cause of the injury.

APPEAL from the *Union* Common Pleas.

PERKINS, J.—Suit by *George W. Smith* against *Thomas, Mullin, Snowden,* and *Snowden,* for mischievously loading a gun with a dangerous charge, and placing it in the custody of the plaintiff, to be discharged by him, with a view to his injury, etc.; which gun was discharged by the plaintiff in ignorance of the dangerous manner in which it was loaded; by which discharge the gun was burst, and the plaintiff badly injured, in this, that the thumb and forefinger upon his left hand were torn off, etc.

The defendants answered the general denial, and specially that the plaintiff had full knowledge of the manner in which the gun was loaded before and at the time he shot it off.

The plaintiff moved to strike out the second paragraph

of the answer, claiming that it was included in the general denial. The court refused to strike out; which refusal, if erroneous, did no harm. *The City of Aurora* v. *Cobb*, 21 Ind. 504.

Issues of fact were formed and tried, and there were verdict and judgment for the defendants. Complaint is made of erroneous rulings of the court during the trial; but it will be unnecessary to mention them, because the evidence is upon the record, and places the case, beyond doubt, on its merits; indeed, the plaintiff's own evidence on the trial presented a state of facts that precluded a recovery by him for the injury he had received.

The case is this: The plaintiff, *Smith*, had a gun, which he lent to four boys, the defendants. The gun was loaded. The boys returned the gun loaded with a dangerous charge, for the mischievous purpose of having *Smith* kicked when he might shoot it off. The boys told *Smith*, on returning the gun, that it was loaded with the same charge as when he lent it to them, they not having discharged it. *Smith*, however, suspected the boys of falsehood, and afterward went to see them about it, but failed to find them. He then examined for himself; he placed the ramrod in the gun and found it was overloaded, there being from six to eight inches of charge in it.

He thus escaped injury from the mischief of the boys. At this point their plot against him was exposed and thwarted. He detected the purpose of the spider in inviting him into his parlor; and if he went in afterward, his entrance was as voluntary and as foolish as was that of the fly in the poetic fable.

But afterward, with all his knowledge of the manner in which the gun was loaded, the plaintiff, *Smith*, did voluntarily discharge it, holding it round the corner of the house to protect himself from the danger of his act.

It is thus plain that the mischievous carelessness of the boys was not the proximate cause of the injury sustained by the plaintiff, but that the injury was caused by his

own voluntary act of extreme carelessness. See the cases of *The Indianapolis, etc. Company* v. *Wright,* 22 Ind. 376; *Duran* v. *Musselman,* 2 Blackf. 96; *Howe* v. *Young,* 16 Ind. 312; and *Young* v. *Harvey, Id.* 314. In those cases, carelessness of the plaintiffs did not immediately cause the loss.

*Per Curiam.*—The judgment below is affirmed, with costs.

*B. F. Claypool* and *J. S. Reid,* for appellant.

*John Yaryan* and *Nelson Trusler* for appellees.

NOTE.—In this case a petition for rehearing was filed *January* 5, 1864, and overruled.