JACKSON v. THE C. & N. W. RY. CO.

36    451
112   742

1. **Railroad:** KILLING OF STOCK: OMISSION TO GIVE SIGNALS. In an action against a railroad company for killing stock at a public crossing, evidence that the engineer failed to give any signals, as the ringing of the bell or sounding the whistle, does not, in itself, establish negligence on the part of the company, nor render it liable.

2. —— The jury should be permitted to judge from all the facts and circumstances of the case whether the injury was the result of negligence on the part of the employees of defendant.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, APRIL 30.

ACTION to recover the value of a yearling colt, killed by the defendant's train at a highway crossing. Trial to a jury; verdict for plaintiff for $50. The defendant appeals.

*E. S. Bailey* for the appellant.

*J. S. Darling* for the appellee.

COLE, J. — There is no conflict whatever in the evidence. The plaintiff was the owner of the colt, worth $50, and it was killed by the defendant's train at a highway crossing, on December 24, 1870. The plaintiff owned seven head of horses, and they were running on the highway to get water; they were standing near the crossing on the highway, one or two rods from the railroad track, when the train whistled for the lower crossing, about a half mile distant, and which was heard at the crossing where the colt was killed; two or three of the horses went on the track and then ran off toward the barn, and as the train came near they all turned again and run into the corner of the highway and the railroad track; three or four jumped the highway fence, one or two crossed the track, and one got in the cattle-guard and was killed; the bell was not

rung nor the whistle sounded as the train approached the crossing where the colt was killed; the train consisted of an engine, baggage car and one coach, and was running about thirty miles an hour; the engineer and fireman were at their proper posts and saw the horses when about thirty rods from the crossing, and as they were running away from the track toward the barn; from that time it was not possible to stop the train before reaching the crossing; the steam was cut off, but no bell was rung or whistle blown; *it is imprudent, as shown by experience, to sound the whistle or ring the bell for animals unless they are standing on the track; if they are not on the track it frightens them and they are more liable to run upon it, and it is safer and better to try to go by without alarming them; if a train has to strike stock it is safer for the train to strike them going fast.*

The court gave the following, among other, instructions: 4. In determining whether or not ordinary care was exercised in the running of said train, it will be proper for you to consider the manner in which said train was run, as whether or not at a great rate of speed in approaching said crossing, and whether or not in approaching said crossing the bell was rung or the whistle was sounded, or other reasonable signals given or made to avoid injury at such crossing, and if you find from the evidence that there was a want of such signals and precautions on the part of said employees to avoid an injury at the crossing, and that said train approached and passed said crossing at a dangerously rapid rate of speed, and no bell was rung or whistle sounded or other signals given, then you would be warranted in finding a want of exercise of such care as will exonerate the defendant from liability in this case; but if the plaintiff has failed to show such want of care by a preponderance of evidence, then the defendant would not be liable and the plaintiff cannot recover." The giving of this instruction is assigned as error.

We have no statute requiring railroad companies to cause the bell to be rung or a whistle sounded as a train approaches a highway crossing; and it is said in S. & R. on Negl., § 485 a

(2d ed.) "in the case of injuries to animals, the better authority seems to favor the doctrine that a failure to ring the bell or sound the whistle does not raise a presumption that the injury was caused thereby." See, also, *The Ill. C. R. R. Co.* v. *Phelps*, 29 Ill. 447; *The P., Ft. W. & C. R. R. Co.* v. *Karns*, 13 Ind. 87; and it was expressly *held* in *The C. B. & Q. R. R. Co.* v. *Bradford*, 57 Ill. ; S. C., vol. 7, The West. Jurist. 66, that it is not negligence to omit to blow the whistle or stop the train to avoid injury to cattle, even when they are seen by the engineer, if they are not on the track, but are either lying down or are feeding, though near to it, where under similar circumstances they have been passed by the trains without accident, and no further reason existed to anticipate injury. But it seems to us to be the correct rule, that the jury shall be permitted to judge from all the facts and circumstances attending the particular case, whether the injury was the result of negligence by the employees of the railroad company. The instruction was, therefore, erroneous, in that it directed the jury substantially that the absence of signals would warrant them in finding a verdict for the plaintiff. The error is two-fold : first, in specifying the facts which would constitute negligence; and second, in failing to instruct the jury in the same connection that they must also be satisfied that the negligence, if any, caused the injury. For, although there may have been negligence by defendant, this would not justify a verdict for plaintiff, unless the injury was caused by the negligence. See *The Ill. C. R. R. Co.* v. *Phelps, supra; C. & M. R. R. Co.* v. *Patchin*, 16 Ill. 198. The defendant asked an instruction embodying this rule, which the court refused.

Reversed.