GATES v. THE B., C. R. & M. R. Co.

1. **Negligence:** LIABILITY FOR: INSTRUCTION. The negligence of a party must be the immediate, proximate cause of an injury to render him liable therefor; and the same rule applies to the contributory negligence which would relieve him from liability. An instruction which stated that the negligence of plaintiff must have contributed "directly" to the injury to excuse defendant, was *held* to come within the rule.

2. **Railroads:** SIGNALS AT CROSSINGS. When the safety of persons or property demands that signals be given at crossings, the failure to give them, in the absence of a statute requiring such alarms, would be negligence.

*Appeal from Floyd Circuit Court.*

FRIDAY, JUNE 19.

ACTION to recover for the value of a cow killed by a train on defendant's railroad, through the negligence of its servants. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*A. S. Belt,* for appellant.

*Starr, Patterson & Harrison,* for appellee.

BECK, J.—I. In announcing, in an instruction given to the jury, the rule of contributory negligence on the part of the person injured in his property, the court expressed it to the effect that such negligence must have contributed *directly* to the injury in order to excuse defendant for want of care.

1 NEGLIGENCE: liability for: instruction

The negligent act of a party must be the immediate, proximate, cause of an injury to render him liable therefor. If the injury be the remote consequence of the act, it is not a ground of recovery. The act must have produced immediately, directly, the injury complained of. The same rule must apply to the negligence of a party seeking to recover for the careless act of another, which will defeat his right of action. Such negligence must have contributed directly, proximately,

to the injury, and not remotely and consequently. As a general rule no one is held to answer for remote consequences of his acts. The word *directly*, used in the instruction, which counsel insists vitiates it, means immediately, proximately. The instruction is, therefore, not erroneous. See Shearman & Redfield on Negligence, § 33, and authorities cited. *B. & O. R. Co. v. State for use of Dougherty et al.*, 31 Md., 360.

II. An instruction given to the jury is to the effect that, although plaintiff was negligent, yet if defendant's servants, after they had notice of plaintiff's negligence, could have avoided the injury by the exercise of ordinary care, defendant is liable. The correctness of this rule is not questioned. See Saunders on Negligence, pp. 55, 60; Shearman & Redfield on Negligence, §§ 25, 26, 36. But it may be regarded as inapplicable to the peculiar facts of this case. No prejudice, however, resulted to defendants from the instruction, if it be so considered. It is, therefore, no ground of objection to the judgment.

III. The defendant requested the following instruction to be given: " There is no law in Iowa requiring a bell to be 2. RAILROADS: rung or whistle blown at a railroad crossing; signals at crossings. therefore if you should find that defendant did not ring a bell or blow a whistle at the crossing where said cow was killed, it would not justify you in finding that the defendant was negligent, and plaintiff cannot recover for such omission." The meaning of this instruction is, that omission to give the signals mentioned cannot be considered as negligence. We have held that when the safety of persons and property demands signals of the kind in order to give warning of danger, and opportunity of escape, a failure to give them, in the absence of a statute requiring such alarms, would be negligence, if so found by the jury. *Artz v. The Chicago, R. I. & P. R. R. Co.*, 34 Iowa, 153. This decision has been followed in *Jackson v. C. & N. W. R. R. Co.*, 36 Iowa, 451, and other cases at this time not reported. The court below properly refused the instruction under consideration.

IV. An instruction was asked as to the effect of the negligence of plaintiff which contributed to the injury. It is in

conflict with the instruction referred to in the second para-: graph of that opinion, and for that reason was rightly refused.

V. It is lastly claimed. that the evidence fails to support the conclusion that defendant's servants were negligent. We think otherwise. The train was behind time, and running at an unusual speed; no signals were given of its approach to a crossing of a highway, where the accident occurred, and the cars were not visible for some distance from that point; the cow killed was seen by the engineer at a distance in advance of the cars, which gave opportunity to check their speed so that the animal would have had time to escape; but no effort was made to do so. The jury were certainly justified in find-·ing these facts from the evidence.

The foregoing discussion disposes of all points made in the brief and argument of counsel for defendant; others, if any there be, we are not required to notice.

AFFIRMED.