# THE OHIO & MISSISSIPPI RAILWAY COMPANY
## v.
## CHARLES W. REED.

*Railroads—Negligence of—Failure to Signal—Injury to Stock—Crossings—Evidence.*

1. The law does not require that both bell and whistle be sounded upon nearing a crossing; one is enough.

2. A failure to comply with the law touching signals creates a liability for damages caused thereby, and this is so, notwithstanding in the revision of 1874 there was omitted from Sec. 6, Chap. 114, R. S., that provision of the law of 1849 declaring a railroad company liable "for all damages sustained by reason of such neglect."

3. In order to recover, the plaintiff must prove in such case, that the law was not complied with; it is not a matter of inference, and the proof by one or more witnesses that they did not hear a signal, without showing that they were so situated that they would have been likely to have heard it if sounded, is not sufficient.

4. In an action brought to recover from a railroad company for the killing of a horse, the same being alleged to have occurred through its negligence, this court holds that the verdict for the plaintiff is unsupported by the evidence, and that the same can not stand.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Wayne County; the Hon. E. C. KRAMER, Judge, presiding.

Messrs. POLLARD & WERNER and CREIGHTON & COOPER, for appellant.

Messrs. HANNA & HANNA, for appellee.

SAMPLE, J. This suit was brought by Reed to recover the value of his horse, alleged to have been killed at a public crossing in a collision with an engine of defendant, which collision was occasioned as alleged by the failure of its servants operating the engine to sound the whistle or ring the bell continuously for a distance of eighty rods before reaching such crossing. In order to recover it devolved on the plaintiff to prove these facts. To either sound the whistle or ring the bell is sufficient. The law does not require that both should be sounded. Sec. 68, Chap. 114, R. S.; C., B. & Q. R. R. Co. v. Damerell, 81 Ill. 450. A failure to comply with the law creates a liability for damages caused thereby and thereby only. I. C. R. R. Co. v. Phelps, 29 Ill. 447. This is true notwithstanding in the revision of 1874 there was omitted from Sec. 6, Chap. 114, R. S., that provision of the law of 1849 declaring a railroad company was liable "for all damages sustained by *reason of such neglect.*" C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; P. D. & E. Ry. Co. v. Foltz, 13 Ill. App. 535.

There is no proof in this case that the bell was not rung as required by law. Several of the plaintiff's witnesses testify that it was rung after the train started, for what length of time they do not know. It is proven that the distance from the locomotive where it was standing at Cisne, to the crossing, was only about one hundred and fifty yards, so that but little time would elapse from the starting of the train until the crossing was reached. No presumption is to be indulged that the bell was not rung. The plaintiff, in order to recover, must prove the failure of the defendant to comply with the law. It is not a matter of inference. There are no collateral facts in such matters upon which an inference can be predicated. The mere proof by one or two witnesses that they did not hear the signal, without any proof that they were so situated that they would be likely to have heard it if it had been given, is not sufficient. If it should be conceded that the statutory crossing signal was not given, what proof is there that such failure caused the injury, or what proof is there tending to show that necessary fact? The record fails

to disclose it, in our judgment. Until some proof is given tending to show that the injury resulted from a failure to ring a bell or blow a whistle, the burden of proving a negative— that it did not arise from such failure, should not be thrown on the company. G. & C. W. R. R. Co. v. Loomis, 13 Ill. 548; I. C. R. R. Co. v. Phelps, 29 Ill. 447. The verdict is not sustained by the evidence. The judgment, therefore, must be reversed and the cause remanded.

*Reversed and remanded.*