## LOUISVILLE & NASHVILLE RAILROAD COMPANY

### v.

### SYLVESTER A. SHELTON.

*Railroads—Negligence—Defective Fence and Gate—Farm Crossing—Contributory Negligence.*

1.   The question of contributory negligence in a given case is for the jury.

2.   In an action brought to recover from a railroad company for injuries to a horse, alleged to have occurred through its negligence, this court holds that the jury were justified by the evidence in finding defendant guilty of wilful negligence in permitting the gate to remain insecure, and unfit for the use it was put to, for the length of time it was maintained in that condition after notice.

3.   In such case it is a question of fact for the jury to determine from the evidence, whether a given fence was so negligently and improperly constructed and maintained as to be more dangerous to stock not breachy or unruly than it would have been if reasonable care had been used in building and maintaining it, and whether or not these acts of negligence were the proximate causes of the injury.

4.   A railroad company, irrespective of a statute, may erect fences inclosing its right of way, and construct gates at farm crossings, but in the exercise of such rights it must so act as not to negligently injure another; failing in this regard it must respond in damages for injuries arising from such failure.

5.   It need not be certain that at the time the act is done the damages will ensue.

[Opinion filed April 4, 1892.]

APPEAL from the Circuit Court of Hamilton County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. J. M. Hamill, for appellant.

Mr. John C. Edwards, for appellee.

Green, P. J.  This suit was brought by appellee in a justice court to recover the value of. a mare, whose death, he alleged, resulted from the negligence of appellant in maintaining a gate in a defective condition at a farm crossing, and a barbed wire fence inclosing its right of way on the opposite side of its track, defectively constructed, in bad repair, and dangerous to stock not breachy or unruly.  Appellant took an appeal from the judgment against it in the justice's court, and the cause was tried in the Circuit Court, where a verdict and judgment for $115 damages and costs was rendered in favor of appellee, to reverse which judgment, appellant took an appeal to this court.  It appears by the evidence, that the mare got out of appellee's pasture, adjoining said right of way, through the space that should have been closed by the gate, crossed the track and seeing some horses in an adjacent field, attempted to join them by jumping over said wire fence, and in doing so, struck the top wire which gave way, pulling out the staples which held the wire to the posts.  The mare was thus caught between this loose wire and the wire below, and in struggling to extricate herself, her fore leg was cut through at the joint below the shoulder by the barbed wire, and she was otherwise injured and death resulted.  The evidence clearly shows that the gate could not be fastened and was utterly defective, and that for a long time before the injury, appellant's servants having charge thereof knew its condition and the necessity to repair it in order that it could be securely closed and fastened, and thus prevent animals from getting out of plaintiff's pasture into the right of way.  The proof also established the following facts: that plaintiff's mare was not breachy or unruly; that the wire fence was less than three feet, eight inches high; that the posts were a rod apart, and when the animal struck the top wire, the staples gave way from at least four posts, thus loosening the wire, causing it to drop and catch the animal between it and the other wires.  In

some places this top wire was drawn up tight, and in others it was not. On behalf of appellant, it is claimed no liability under the statute was shown by the proof, because the animal was not injured by an engine or train of appellant, nor by the wilful negligence of those in charge of an engine or train, and that at common law appellant is not liable, because, under the common law it was not required to inclose its right of way against animals, and because appellee was guilty of such contributory negligence in permitting the mare to graze in the pasture with the gate defective and insecure, as bars his right to recover. Conceding that the proof failed to establish a liability under the statute against appellant to respond in damages for the injury alleged, we are unable to reach the conclusion that appellant is not liable at common law for the injury and damages resulting from the acts of negligence proven. The jury were justified by the evidence in finding appellant guilty of wilful negligence in permitting the gate to remain insecure, and unfit for the use it was put to, for the length of time it was maintained in that condition after notice. It was also a question of fact for the jury to determine from the evidence whether or not the barbed wire fence was so negligently and improperly constructed and maintained as to be more dangerous to stock not breachy or unruly, than it would have been if reasonable care had been used in building and maintaining it, and whether or not these acts of negligence were the proximate causes of the injury. If the jury found in the affirmative upon these questions, and there is evidence in the record supporting such finding, the verdict and the judgment were right. We have examined Headen v. Rust, 39 Ill. 186, Great Western R. R. Co. v. Morthland, 30 Ill. 451, and I. C. R. R. Co. v. Phelps, 29 Ill. 447, cited on behalf of appellant in support of its contention that appellee had no right to recover at common law, and do not think the rulings in these cases conflict with our views as above expressed. Appellant could lawfully erect fences inclosing its right of way, and construct gates at farm crossings, but in the exercise of this right it must so act as not to negligently injure another. Wharton on Negligence, Sec. 787, *et seq.*

It need not be *certain* that at the time the act is done the damages will ensue. If one remove or destroy a fence inclosing a field or opens a gap in it, it is possible that animals confined therein may not escape so as to encounter a danger outside. Opening the fence does not cause an animal to pass through it, it offers the opportunity. Opening the fence, according to circumstances, exposes to injury property within, or property outside, or both. It is in this manner that the primary and efficient cause generally produces consequential damages. Sutherland on Damages, 47; Gould v. B. & S. P. R. R. Co., 82 Me. 122. Applying the rules and principle laid down in the foregoing citations, the facts disclosed in the record impel us to the conclusion that appellant's liability was clearly established and the judgment right. The question of contributory negligence on the part of appellee was for the jury, and we think the evidence justified the finding that he was not guilty of such negligence. The jury were not misdirected or misled to the injury of appellant by the instructions given, and we perceive no error requiring the judgment to be reversed. It is thereupon affirmed.

*Judgment affirmed.*