## Baltimore & Ohio Southwestern Railroad Company v. A. G. Seitzinger.

1. FENCE—*when declaration need not allege duty to.* It is not necessary that the declaration should allege that it was the duty of the railroad company to construct a fence at a particular point or that it was its duty to keep such fence in repair, where such declaration does allege that such company negligently maintained a fence and the proof showed that such company had constructed and maintained a fence at the point in question.

2. CONTRIBUTORY NEGLIGENCE—*what not, so as to bar recovery for killing of live stock.* It is the duty of a railroad company to fence its right of way and to keep its fences in reasonably safe repair; if it does in fact erect a fence, it is not negligence for the owner of land adjoin-

ing such right of way to permit his cattle to roam at large upon his land regardless of the fact that such fence was in places in bad repair.

Action on the case to recover for killing of live stock. Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

GEE & BARNES and KRAMER, KRAMER & SHAEFFER, for appellant; EDWARD BARTON, of counsel.

GEORGE W. LACKEY and J. E. McGAUGHEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action by appellee against appellant to recover damages sustained by him by reason of the death of a mare, alleged to have been brought about by the negligence of appellant. The declaration contained two counts, the first declaring upon the statutory liability of appellant to maintain fences along its right of way. The second alleged that before and on May 3, 1903, appellant negligently maintained a barbed wire fence, inclosing its right of way along certain lands adjoining the same in Lawrence county, Illinois, defectively constructed, in bad repair and dangerous to horses, cattle and other animals; that in consequence of such negligence in maintaining said fence, a horse of appellee became entangled, fastened in and caught by the barbed wire of said fence and was thereby killed. There was a plea of the general issue and upon the trial the jury found for appellee. Motions for a new trial and in arrest of judgment were overruled and judgment entered for the amount of the verdict.

It appeared from the evidence that on the farm occupied by appellee as a renter, there was a clover pasture of some twenty-eight acres lying along appellant's right of way, from which there was a lane leading to appellee's barn lot. The fence between appellant's right of way and the pasture, had been built for many years and was composed of five barbed wires attached by staples to posts which were about a rod apart. The posts had become rotten in places so that the staples would not hold. Some of the wires sagged

down and the fence for a long time prior to the injury complained of had been in a defective condition. Appellee had, some time prior to the time the mare was injured, repaired the fence at his own expense. He had also verbally notified an agent of appellant of the condition of the fence. On March 21, 1903, he served a written notice on the company to build a fence along its right of way at the place in question. On the evening of May 2, 1903, appellee left his barn lot gate open so that his horses and cattle could run on the clover pasture. The next morning between eight and nine o'clock he found the mare in question lying dead in the pasture at the side of the right of way fence, with her left fore leg over the third wire from the bottom. At this point the top wire sagged down and the next wire below was broken and had been for some time prior to the time of the injury. There were indications tending to show that the mare had been eating the grass on the right of way across the fence at the low place; that she had gotten her leg over the three lower wires; that in trying to extricate herself she had been caught by the wire, which cut the leg to the bone, severed the humeral artery and caused her to bleed to death.

It is contended by appellant that the evidence is not sufficient to support the verdict; that the second count of the declaration, which the jury found specially to be the count upon which they based their verdict, was insufficient to support the judgment; that the third and fourth instructions given on behalf of appellee were erroneous and that appellee was guilty of such contributory negligence as to bar a recovery. The principal objection made by appellant to the second count of the declaration, is that it does not contain any allegation that it was the duty of appellant to construct a fence at the point named or to keep the same in repair. Such an allegation was not necessary to entitle appellee to recover under this count. The proofs showed that appellant had constructed and maintained a fence at the point named. Under such circumstances it was the duty of appellant to keep the fence in such a state of repair as not to expose

the stock of appellee to unnecessary danger. It was for the jury to determine whether the death of appellee's mare was caused by the negligence of appellant in maintaining the fence in a dangerous condition.   L. & N. R. R. Co. v. Shelton, 43 Ill. App. 220.

The two instructions complained of were substantially the same and told the jury that if the defendant erected and negligently maintained a barbed wire fence in bad repair and dangerous to horses along its right of way and that by reason of said dangerous and defective fence, plaintiff's horse was caught in said fence and thereby received injuries from which death resulted, they should find for the plaintiff, etc.   Appellant contends that these instructions were erroneous for the reason that any fence constructed of barbed wire, is to a certain extent dangerous and that as the mare was killed on the fence, the jury must necessarily find for the plaintiff.   The court however told the jury in another instruction that a railroad corporation had the right to use barbed wire as a material out of which to erect its fences along its right of way and that the use of such material for fences was not unlawful and was not negligence. There was nothing in the instructions to mislead the jury into believing the mere facts that the fence was made of barbed wire and appellee's mare was killed by contact with the same, were of themselves sufficient to warrant a recovery, and the instructions upon the whole presented the law to the jury fairly.

The final contention of appellant is that appellee, by reason of his knowledge of the defective condition of the fence, was guilty of such contributory negligence as to bar a recovery. Upon this subject it was said in the case of T. H. & I. R. R. Co. v. McCord, 56 Ill. App. 173 : " We are inclined to hold broadly, as before stated, that where there is really a fence, and not a mere pretense of it, though so insufficient as to be liable to be breached by stock that is not breachy, and the company had notice of it, the rightful occupant of the land may leave his stock there, putting the risk of loss by neglect to make it sufficient upon the company on which

rests the duty to make it so; in other words, that merely leaving them there is not negligence nor evidence of negligence on his part which a jury should be allowed to consider. The law should not and does not, in our opinion, oust him nor permit a jury to oust him of the valuable use of his own land for that cause in such a case."

In this case there was a fence along the right of way by appellee's pasture and although it was in places in bad repair, appellee had a right to the use of his pasture and could not be deprived thereof for the failure of appellant to make necessary repairs. Under the circumstances appellee could not properly be held to have been guilty of such negligence as to deprive him of the right of recovery for the loss sustained by him.

The judgment of the court below will be affirmed.

*Affirmed.*