GALENA AND CHICAGO UNION RAILROAD COMPANY, Appellants, *v.* ABNER LOOMIS, Appellee.

### APPEAL FROM COOK.

The legislature has the power, by the enactment of general laws from time to time, as the public exigencies may require, to regulate corporations in the exercise of their franchises, so as to provide for the public safety.

A general law which requires that a bell or whistle shall be attached to each locomotive engine upon a railroad, which shall be rung or whistled before crossing any other road, is applicable to and binding on railroad corporations created before the passage of such law; and an omission to give the required signal constitutes a *primâ facie* case of negligence.

Railroad corporations are not liable for any and all damages a party may sustain, when such corporations have omitted to give a required signal, nor is the *onus* thrown upon the corporation, until some proof has been given, tending to show that the injury complained of resulted from the want of a signal.

In the exercise of privileges, a coporation is as much subject to the general police laws of the State, as is any individual pursuing his lawful business.

THIS cause was heard before H. T. DICKEY, Judge, and a jury, at December term, 1851, of the Cook County Court. Verdict and judgment for plaintiff in the court below, for $200. The railroad company prayed for and obtained the appeal. The facts of the case will be found in the opinion of the court.

J. H. COLLINS, for appellants,

Cited 11 East, 60; 21 Wend. 619; 5 Hill, 292; 6 Id. 593; 1 Denio, 99; 5 Id. 266; 4 Comstock, 358.

LARNED & WOODBRIDGE, for appellee,

Cited 2 Cushing, 539; General Railroad Law of 1849, sects.

38, 39, 45; 7 Cowen, 585; Id. 349; 8 Mass. Rep. 445; 12 Pick. 184.

TRUMBULL, J.   This was an action of trespass on the case, brought to recover damages alleged to have been sustained by the plaintiff, in consequence of the careless and improper management by the defendants of their railroad cars and locomotive engine.   Plea, not guilty.

It appears, from the evidence, that in December, 1850, about six o'clock in the evening, the plaintiff was travelling in a wagon, drawn by two horses, near the railroad crossing on the turnpike leading west from Chicago; that the locomotive engine and cars of the defendants were at the same time going towards Chicago, and near the place where the roads cross; that the two roads run nearly parallel for a number of rods before they cross; that the defendants failed to ring a bell or sound a whistle as the train of cars approached the crossing; that the plaintiff drove across the railroad track immediately before and within a few feet of the locomotive; that his horses became frightened at the engine and cars, ran into the railroad ditch, upset the wagon, ran off, and were lost; and that the plaintiff himself was considerably bruised.

The jury returned a verdict of two hundred dollars against the defendants, and the plaintiff had judgment thereon.

At the request of the plaintiff, the court, among other instructions to the jury, gave the following:

" If the jury believe, from the evidence, that the defendants omitted to ring a bell or sound a whistle, in the manner required by law, such omission constitutes a *primâ facie* case of negligence, and the defendants are liable to the plaintiff for the loss and damage proved to have been sustained by him, unless the defendants prove that such loss and damage were not occasioned by such omission."

The defendants object to the first branch of this instruction, that there is no law requiring them to have a bell or whistle attached to their locomotive engines.   It is admitted that their charter, as originally passed, contains no such requirement; but, by the thirty-eighth section of a general law subsequently enacted,

entitled "An act to provide for a general system of railroad incorporations," approved March 5, 1849, it is declared, that " a bell of at least thirty pounds weight, or a steam-whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one half thereof to go to the informer and the other half to the State, and shall be liable for all damages, which shall be sustained by any person by reason of such neglect;" and the forty-fifth section of the same act declares, that " all existing railroad corporations within this State shall respectively have and possess all the powers and privileges, and be subject to the duties and liabilities and provisions contained in this act, so far as they shall be applicable to their present conditions, and not inconsistent with their several charters."

That the provisions of the thirty-eighth section are applicable to the present condition of the road of the defendants, does not admit of question; and that they are not inconsistent with any provision of their charter, is equally certain. They are, therefore, bound by these requirements of the law, unless, as has been suggested, the legislature had no authority to impose them.

That the legislature has the power, by the enactment of general laws, from time to time, as the public exigencies may require, to regulate corporations in the exercise of their franchises, so as to provide for the public safety, admits of no doubt. The provision in question is a mere police regulation, enacted for the protection and safety of the citizens of the country, and in no manner interferes with or impairs the powers conferred on the defendants in their act of incorporation. There is nothing in the character of this or any other charter so sacred as to shield the corporators from punishment for criminal offences, committed in the exercise of their corporate powers. Nor is the corporation itself above the general laws enacted for the safety of the community.

The act of corporation confers on the company certain privileges; but, in the exercise of those privileges, the corporation is just as much subject to the general police laws of the State as is an individual pursuing his lawful business. Stuyvesant *v.* The Mayor &c. of New York, 7 Cow. 603; Baker *v.* Boston, 12 Pick. 184; Angell & Ames on Corporations, 427, 428.

There can be no question that the general law, requiring a bell or whistle to be attached to each locomotive engine, which shall be rung or whistled before crossing any other road, is applicable to and binding on the defendants in this case; and that an omission to give the required signal, constitutes a *primâ facie* case of negligence.

So far, the instruction was clearly right; but the other branch of it was, we think, erroneous. It implies that railroad corporations are liable, *primâ facie*, for any and all damages a party may sustain when they have omitted to give the signal required by law, whether such damages were sustained by reason of such neglect or from any other cause. The party himself may have been guilty of negligence; or the circumstances may be such as to show no probable connection between the injury sustained and the omission to give the requisite signal; and, in such cases, it would be requiring too much to compel the company to prove affirmatively that the damage was not occasioned by such omission. Until some proof is given, tending to show that the injury resulted from the failure to ring a bell or blow a whistle, the burden of proving a negative, and that it did not arise from such failure, should not be thrown on the company.

Judgment reversed, and cause remanded.

*Judgment reversed.*