FLATTES v. THE CHICAGO, ROCK ISLAND & PACIFIC R. R. Co.

1. Railroad: NEGLIGENCE IN KILLING STOCK. Where in an action against a railroad company to recover the value of stock killed on its station grounds, the evidence fails to show negligence of the company or those in charge of the train, a verdict of the jury against it will be set aside.

2. —— That the rate of speed was not slackened nor the whistle sounded is no evidence of negligence when it appears that such efforts would have been, under the circumstances, unavailing to prevent the injury.

*Appeal from Johnson Circuit Court.*

SATURDAY, OCTOBER 11.

ACTION to recover the value of a cow killed by defendant's locomotive and train. Jury trial. Special verdict. Judgment for plaintiff. Defendant appeals.

*Edmonds & Ransom* for the appellant.

No appearance for the appellee.

DAY, J. — The jury, amongst other special findings, returned the following: " The cow was killed through the gross negligence of the defendant's employees."

The defendant moved the court to set aside this finding

upon the ground that it was against the evidence. This motion was overruled. The ruling is assigned as error.

Considered in the light most favorable to plaintiff the evidence establishes the following facts: The injury complained of occurred at Downey Station. Upon the day of the injury the defendant's gravel train, consisting of eighteen to twenty cars, loaded with sand, started west from Moscow, expecting to reach Iowa city before the passenger train. There was a heavy head wind blowing from the west, so that the train could not make usual time. When the train left West Liberty, five and one-half miles east of Downey, it was thirty minutes ahead of the passenger train. Before reaching Downey the gravel train was overtaken by the passenger train, which slackened speed in order to enable the other to get out of the way. The cow was standing north of the track, eating something which had fallen down in loading cars from the elevator, as she had frequently done before without sustaining injury. In order to make way for the passenger train the gravel train ran past the depot to the west end of the switch, and then backed upon the south track or switch. In so passing it ran faster than was customary for trains stopping at the depot, but not faster than was usual for trains not intending to stop. When the train reached the point east of the depot, where the switch intersects the main track, the cow was not upon the track. If the train had stopped east of the depot, and switched upon the side track the accident might have been avoided. There is a curve east of the station. It was not the custom of the gravel train to stop east of the switch, and if it had done so on the present occasion, the passenger train, coming up from behind, might have run into it. As the engine passed the depot the cow started south across the track, toward home, going fast as though frightened by the train. As she got on the main track the engine hit her and broke her hind legs. No signal was given by the

engineer. The train could not have been stopped, in time to prevent killing the cow, after it was seen she was coming on the track. The engineer in charge of the train was experienced and careful. These facts did not justify the jury in finding gross negligence, nor even the want of ordinary care upon the part of defendant.

It was no want of ordinary care not to stop at the east end of the switch. It was the duty of the engineer to make way for the approaching passenger train. To have stopped in the way, under the circumstances disclosed in this case, would have been negligence of a gross character. " The first duty of a railroad company is to its passengers; and if an engineer is compelled to choose between risking the safety of passengers, or even of freight upon his train, and running over cattle on the track, he is justified in adopting the latter alternative." Shearm. and Redf. on Neg., § 494. Besides, at the time the train passed the east end of the switch, the cow was not upon the main track, and there was no reason for avoiding it.

The rate of speed, under the circumstances existing, did not constitute negligence. It was necessary in order not to impede the passenger *train*, and was not greater than usual for trains not stopping at the depot, which the one in question did not. Rate of speed is not *per se* evidence of negligence. To attain a high speed of travel is the object of the railroad system. Shearm. and Redf. on Neg., § 478, and cases cited.

That the rate of speed was not slackened is no evidence of negligence, for the evidence shows that it would have been unavailing after the cow came upon the track. Nor does the mere failure of the engineer to give a signal of his approach, in our opinion, render the defendant liable under the facts shown. The cow, already aware of the approach of the train, was frightened, and crossing the track rapidly. There is no reasonable ground for supposing that the sounding of the whistle would have acceler-

ated her speed, or prevented the injury. Indeed, being frightened and rapidly crossing the track, in the direction soonest likely to put her beyond danger, the sound of the whistle would have been as apt to have changed her course, and increased her danger, as to have produced the opposite effect. Had she been standing upon the track or leisurely crossing it, apparently unaware of impending danger, the failure to give a signal might well be held to constitute negligence. But where, owing to the peculiar circumstances, such signal is as likely to increase as to diminish the danger, the failure to give it cannot, with any reasonableness, be so construed. See *Galena, etc., Railway Co.* v. *Loomis,* 13 Ill. 548; *Illinois Central Railway Co.* v. *Phelps,* 29 id. 447; *Pittsburgh, etc., Railway Co.* v. *Karnes,* 13 Ind. 87.

In our opinion, the special finding is not sustained by the evidence, and it should have been set aside upon defendant's motion.

Reversed.