STATE OF MISSOURI, Defendant in Error, *vs.* EDWARD DAUGH-ERTY, Plaintiff in Error.

1. *Practice—Supreme Court—Amended transcript cannot be brought up after final judgment—Diminution of record, etc.*—Where a party submits his case upon a record which is filed in the Supreme Court, judgment rendered thereon is final, and he cannot afterward, bring up an amended transcript. Where a record is incomplete, the proper course is, before a final disposition of the cause, to suggest a diminution and obtain a rule to send up a more perfect transcript.

*Appeal from Jasper Circuit Court.*

*James F. Hardin,* for Appellant.

*John A. Hockaday, Attorney General,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This is a novel proceeding. It appears from the record that at the spring term, 1873, of the Jasper Circuit Court, the defendant was indicted for murder in the first degree, and at the November term of the court he was tried and convicted of murder in the second degree.

From that conviction he took an appeal and at the January term, 1874, of this court, the judgment was affirmed. Whilst the judgment of this court was standing in full force, and without any steps taken to have the same set aside, at a subsequent term the defendant's counsel obtained a new record in the Jasper Circuit Court, containing some matters, which it is alleged, were left out when the record was here before, and sued out a writ of error, and brings the cause again in this court for determination. This practice is unprecedented. If the record was incomplete or defective when the case was here on a former occasion, diminution should have been suggested, and a rule obtained for sending up a perfect transcript.

But the party submitted his case upon the record filed in the court, and the judgment rendered thereon is final, and whilst it remains unreversed, it conclusively bars any further proceedings.

If parties were permitted, after a final judgment in this court, to go back to the Circuit Court and there get an amended transcript and bring the case again here at their mere will and pleasure, there would be no final disposition of cases.

The writ will be dismissed; the other judges concurring except Judge Vories, who is absent.