SMITH v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: EVIDENCE. In an action against a railroad company for double damages for killing stock, declarations made by the section foreman which are not a part of the *res gestae,* and not coincident with the event in which the suit originated, but a mere narration of a past occurrence, are not admissible in evidence.

2. ———: DUTY TO FENCE: NEGLIGENCE. Where a railroad company fails to comply with the statutory duty to fence, it becomes amenable to the penalties of the statute, whether guilty of negligence or not.

3. **Practice**: AMENDMENT OF RECORD IN SUPREME COURT. Errors in the transcript of a record in the Supreme Court cannot be remedied or corrected by filing the certificate of the clerk of the circuit court, nor can the recitals in a bill of exceptions be contradicted in this way. A party should either stipulate with his adversary as to any corrections to be made, or omissions to be supplied, or suggest diminution of the record, and sue out a writ of *certiorari,* in the ordinary way.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

REVERSED.

The plaintiff was introduced as a witness, and stated, among other things, that at the point where the heifer got on the track there was a strip of land not fenced that had once been cultivated; "I did not see the heifer

myself after she was killed; the section foreman told me she was killed about the nineteenth of September, 1883. This conversation with the foreman was about the nineteenth of September, 1883."

*Smith, Silver & Brown* with *T. J. Portis* for appellant.

(1) The trial court erred in the admission of testimony. The plaintiff, in his testimony, was permitted to state the declarations made to him by the defendant's section foreman, as to the killing and disposition of plaintiff's animal, at a point of time not coincident with the event to which said declarations related. The declarations of the foreman do not appear to have been made while representing the defendant as principal, and while the act was in progress. They were not part of the *res gestae*, and clearly were inadmissible. *McDermott v. Railroad*, 87 Mo. 285; *Devlin v. Railroad*, 87 Mo. 545; *Chapman v. Railroad*, 55 N. Y. 584. Such declarations were a narration of what had passed, and they should have been excluded. *Adams v. Railroad*, 74 Mo. 554; *Packet Co. v. Clough*, 20 Wall. 541; 1 Greenl. on Evid., secs. 113, 114; Wharton's Evid., sec. 1174; Story on Agency, sec. 134. (2) The instruction given for plaintiff ignored the issues in the case. There was no instruction given which presented the issues which the jury were called to determine. The issue was, whether plaintiff's animal got on the track of defendant's road at a point where it was required, and had failed, to erect and maintain a lawful fence, etc., in consequence of which said injury had occurred. The attention of the jury was not called to this issue by said instruction, nor by any other one. *Henry v. Bassett*, 75 Mo. 89; *Ellis v. McPike*, 50 Mo. 574; *Ellison v. Weathers*, 78 Mo. 126; *Hall v. Johnson*, 57 Mo. 521; *Davis v. Kline*, 76 Mo. 310. Neither this nor any other instruction outlined to the jury defendant's statutory duty, the breach of

which would constitute negligence. This was a question of law which they were left to respond to, instead of the court. It was a question of law, and it was the function of the court to determine it for the jury. 2 Thompson on Neg., 1235, 1239; *Digby v. Insurance Co.*, 3 Mo. App. 603; *Dyer v. Brannock*, 2 Mo. App. 432; *Martin v. Ittner*, 56 Mo. 351; *Wyatt v. Railroad*, 55 Mo. 485; *Wiser v. Chesley*, 53 Mo. 547. Such an instruction, without a definition of negligence, was calculated to mislead the jury. Negligence affords no ground for recovery in an action, unless it is followed by an injury, and is its direct and proximate cause. This principle the instruction ignored. *Stepp v. Railroad*, 85 Mo. 229.

*W. R. Taylor* for respondent:

(1) Declarations of the section foreman, made at the time of discharging his duties in removing and burying the animals, formed a part of the *res gestae*, and were admissible. *Brooks v. Jamison*, 55 Mo. 505; *Edwards v. Thomas*, 66 Mo. 468; *Adams v. Railroad*, 74 Mo. 553. (2) The question of negligence did not arise upon the pleadings, nor at the trial of this cause, and the instruction copied by the clerk in the transcript, on part of plaintiff, is not styled in this or any other case, was not given in this case, nor used at the trial of this cause. And the instructions purporting to have been given on the part of defendant, were not styled or endorsed in this or any other case, and are not marked given or refused, and were not used on the trial of this cause, certified copies of which are filed in this cause. (3) There was no dispute as to the issues in this cause, hence it was not necessary to instruct the jury. *Russell v. Insurance Co.*, 55 Mo. 585.

SHERWOOD, J.—Action for double damages for killing a sow and heifer; verdict for plaintiff on both

counts, and double damages assessed by the court. The evidence of the ·killing of the stock·was altogether circumstantial.

. I.  The declarations made by the section foreman were inadmissible, because not a part of the *res gestae;* not coincident with the event in which the suit originated, but a mere narration of a past occurrence. *McDermott v. Railroad,* 87 Mo. 285; *Devlin v. Railroad,* 87 Mo. 545; *Adams v. Railroad,* 74 Mo. 554.

II.  The issue in this cause was, whether the animals of plaintiff got on defendant's track at a point where it was required by law to erect and maintain a lawful fence. The question of negligence was wholly foreign to the issue. If the defendant failed to comply with its statutory duty, it became amenable to the penalties of the statute, whether guilty of negligence or not. Instructions which wholly ignore the issues raised by the pleadings, do not *instruct;* are erroneous if given, and properly refused. *Henry v. Bassett,* 75 Mo. 89.

III.  It is claimed by plaintiff's counsel that none of the instructions said to have been given on the part of the plaintiff, nor those said to have been given on behalf of the defendant, were, in fact, given, and a certificate of the circuit court clerk has been filed in this court to verify that statement. It is scarcely necessary to say that errors in the transcript cannot be remedied, or corrected, in this way, nor the recitals in a bill of exceptions thus contradicted. *Baker v. Loring,* 65 Mo. 527; *State v. Dougherty,* 59 Mo. 104; *State v. Van Zandt,* 71 Mo. 541; *Gardner v. Railroad,* 68 Iowa, 588. The proper course for a party to pursue in such circumstances, is either to stipulate with his adversary as to any corrections to be made, or omissions to be supplied; or else to suggest diminution, and sue out a *certiorari* in the ordinary way.

The judgment is reversed and the cause remanded. All concur.