Ehrlinger, Appellant, vs. Douglas, Respondent.

*December 15, 1891 — January 12, 1892.*

*Evidence:* Res gestæ.

In an action to recover the value of a dog killed by the defendant, the
   declaration of defendant's wife, just before the killing, that the dog
   snapped at her, is not admissible in evidence as part of the *res
   gestæ.*

APPEAL from the Circuit Court for *Rock* County.
   The action is to recover the value of plaintiff's dog, which
defendant had theretofore shot and killed.    Defendant an-
swered that immediately before such killing the dog en-
tered his house, and frightened and attempted to bite his
wife and child.    The testimony on the subject most favor-
able to defendant was given by himself, and is as follows:

Ehrlinger vs. Douglas.

"The dog came there that morning,— came into the house. I was back of the house, digging potatoes with the hired man. . . . My wife came running out of the house with the baby in her arms, and called to me. . . . I immediately dropped my work, and walked towards her. She told me the dog was in the house, and that she could not drive him out, and that he had snapped at her; and I stepped right behind her towards the granary, and picked up a club,— a sled-stake,— and went into the house. Stepped into the door, just inside. The dog went out. I then stepped to the other side of the room, took down a shotgun and loaded it, and stepped to the door, and the dog was coming right towards the door, and I hollered at him, and drew the gun to my shoulder and shot."

Timely objection was made to the defendant being allowed to state what his wife said to him on that occasion. The court overruled the objection, and expressly admitted the testimony as part of the *res gestæ*, as well as on the question of malice. There is no other testimony tending to show that the dog attempted to bite the wife, and none that he attempted to bite the child of defendant. The court submitted to the jury the question whether the dog did, on that occasion, attempt to bite the child, and instructed them that if he did so the defendant was justified in killing him, and the plaintiff cannot recover; but that if the dog did not do so the defendant is liable.

The jury found for defendant. A motion by plaintiff for a new trial was denied, and judgment entered for defendant pursuant to the verdict. Plaintiff appeals from the judgment.

For the appellant there was a brief by *H. H. McKinney* and *Doe & Sutherland*, and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Fethers, Jeffris & Fifield*, and oral argument by *M. G. Jeffris.*

Ehrlinger vs. Douglas.

Lyon, J.   Under the charge of the court the jury necessarily found that the dog attempted to bite defendant's child; otherwise their verdict must have been for plaintiff. Either there is. a failure to incorporate all the testimony in the bill of exceptions, or the learned circuit judge misapprehended the testimony, for it does not tend to show that the dog attempted to bite the child.   We will dispose of the case, however, as though the question submitted had been whether the dog attempted to bite the defendant's wife, instead of his child, and will assume that the court correctly instructed the jury that if the dog did so the defendant was justified in killing him.

There is no testimony that the dog attempted to bite the wife, other than the testimony of defendant that she said so when she came out of the house and called him, just before the shooting.   Upon this testimony alone the judgment rests.   The court held, against objection and exception, that the testimony pertained to the *res gestæ*, and hence was competent to prove the attempt of the dog to bite the wife.   We are of the opinion that this testimony was mere hearsay, and therefore inadmissible.   Had the dog bitten the wife, and were this an action by her to recover damages therefor, probably what she said on coming out of the house would have been a part of the *res gestæ*, and might have been shown.   But in this case the essential fact is the shooting of the dog; and the alleged attempt of the dog to bite is an antecedent and independent fact, which must be proved by legal evidence before it can be made available as a justification for the subsequent act of shooting committed by the husband, who was not present when the attempt was made to bite the wife.   Had the defendant, immediately after the shooting, said, " This dog attacked me, and I killed him," that would probably be part of the *res gestæ*.   But we are aware of no rule of evidence which stamps that character upon a statement, made by a third person to the

Ehrlinger vs. Douglas.

defendant, of an antecedent fact or circumstance, so that proof that the statement was thus made becomes competent evidence to prove the truth of the statement.

In *Felt v. Amidon*, 43 Wis. 467, this court approved the doctrine of *Lund v. Tyngsborough*, 9 Cush. 39, wherein it is said: " There must be a main or principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it." Per FLETCHER, J., page 42. In 1 Greenl. Ev. § 108, note 2, this case is fully approved as containing a correct statement of the law as to what declarations are admissible as parts of the *res gestæ*. As already observed, the main or principal fact or transaction in this case is the shooting of the dog. Most assuredly the declaration of the defendant's wife that the dog attempted to bite her did not grow out of such fact or transaction; neither does it derive any degree of credit therefrom, because the act of shooting had not been committed or contemplated when the declaration was made.

It may be that testimony of the declarations of the wife might have been admissible to disprove malice on the part of the defendant, were the plaintiff seeking to recover exemplary damages. But he only seeks to recover the value of his dog, and the court charged the jury that such value was the measure of damages. Hence the question of malice is not in the case, and it was error to admit the testimony of the declarations of the wife for any purpose. This rule is not affected by the fact that she is an incompetent witness for her husband to prove the fact. It is the misfortune of the defendant,— a misfortune which he shares in common with very many litigants,— if he is unable to prove his defense.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.