MONTAGUE, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*June 12 — June 24, 1897.*

*Fires negligently set: Identification: Striking out conjectural evidence.*

1. To warrant a recovery for the destruction of property by a fire alleged to have been negligently set, the fire must be identified and traced as the same continuing fire all the way from the place of its origin to the location of the destroyed property, either by witnesses who saw it or by facts and circumstances equally persuasive.

2. Where a witness, who testified on his examination in chief that he saw a fire in section 9 on the 9th of July, and that it went south and was in section 17 on the 23d of that month, admitted on cross-examination that he did not trace the fire from section 9 to section 17, and was not on section 9 between those dates but was miles away most of the time, his testimony, so far as it tended to show that the fire in section 9 on the 9th crossed to section 17, should have been stricken out on motion as mere assumption and conjecture.

APPEAL from a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to recover damages for the destruction of a lot of hay and logging tools owned by the plaintiff by means of a forest fire which is alleged to have been negligently set by the defendant's employees upon its right of way.

The plaintiff's logging camp was situated upon the eastern edge of sections 13 and 24, in town 35, range 2 E., in Price county, Wisconsin. The defendant's railroad runs in a general easterly direction through the north part of said town 35, crossing sections 7, 8, and 9, and then, veering off to the northeast, through sections 3 and 2. The fire took place in the month of July, 1894, at a time when the woods were very dry. The plaintiff alleges that on the 7th of July the defendant's section men carelessly and negligently set fire to a lot of old ties upon the right of way of the company at or near the place where the railroad crosses the dividing line between sections 8 and 9, and that said fires were left unattended and uncared for, and that they escaped from the right of way, and burned slowly southward through sections 8 and 9 into sections 17 and 20, and that a part of the fire veered to the eastward, and finally reached the plaintiff's logging camp, and destroyed his property, on the 28th day of July.

The defendant claims, on the other hand, that the fire which started upon its right of way on the 7th of July spread but a little way into sections 8 and 9, and went out, and that the fire which afterwards destroyed the plaintiff's logging camp started early in July, in section 5 of town 34, and burned northward through sections 32, 28, 21, and 22, and thence eastward through sections 23 and 24.

The jury found a verdict for the plaintiff for the value of the hay and tools destroyed, and from judgment thereon the defendant appeals.

For the appellant there were briefs by *Alfred H. Bright* and *Henry B. Dike*, attorneys, and *M. B. Moon*, of counsel, and oral argument by *Mr. Bright*.

*D. Lloyd Jones*, for the respondent.

WINSLOW, J. There is one crucial and important question presented upon this appeal, and that is whether there was evidence which sufficiently identified the fire which started

on the defendant's right of way July 7th as the same fire which destroyed the plaintiff's logging camp three weeks afterwards. The jury were not at liberty to arrive at the result by guess or probable conjecture, but must have substantive evidence to base their verdict upon.

The plaintiff's camp was about four miles southeast from the place where the fire upon the defendant's right of way started. As appears from the statement of the case, this last-named fire started July 7th, and it was not until three weeks later that the plaintiff's camp was destroyed. Thus it is evident that it was not a sweeping, rapidly advancing fire, which could be easily traced as it swept before the wind, but that it must have been a fire which went slowly, and languished and nearly or quite died out at times. Such a fire must necessarily be carefully traced by the evidence. One witness perhaps may not be able to trace it all of the way, but certainly it must be traced and identified as the same continuing fire, either by witnesses who saw it, or by facts and circumstances equally persuasive, or by both witnesses and circumstances. The evidence all shows that there were many fires burning in the woods in this vicinity at about this time. The country was very dry, and was "full of fire," as some of the witnesses express it. This condition of things renders it all the more necessary that the right-of-way fire of July 7th should be identified and traced by tangible evidence into the sweeping fire of July 28th. Examination of the record shows that there is sufficient evidence tending to show that the right-of-way fire traveled south through parts of sections 8 and 9, and then smouldered; also that a fire was found burning about July 23d in about the center of section 17, which traveled eastward, and may have been the fire which destroyed the plaintiff's camp; but there is a hiatus between these two fires both in time and in space which the evidence does not fill.

This hiatus was attempted to be filled by the witness Mil-

ler, who testified that he saw the right-of-way fire near the. line between sections 8 and 9 on the 9th of July, and that that fire went south and was in section 17 on the 23d day of July. Upon cross-examination, however, the witness admitted that he did not trace the fire from section 9 into section 17; that he assumed the fact without tracing; that he was up north of Brantwood most of the time between the 9th and the 21st of July, and was not down in section 9 between those dates, but was miles away. When these admissions were made, the appellant moved to strike out Miller's testimony so far as it undertakes to show that the fire in section 9 on the 9th of July crossed into section 17 on the 21st of July, but the motion was denied, and exception taken. Certainly the motion should have been granted. Miller's admissions on cross-examination demonstrated that his testimony as to the identity of the two fires was mere assumption and conjecture, which ought to have been withdrawn from the jury.

With this evidence out of the case, there is certainly no other evidence in the record which identifies the two fires as the same continuous fire.

*By the Court.*— Judgment reversed, and action remanded for a new trial.