(96 N. W. Rep. 844.)

---

GEORGE H. BALDING *v.* A. C. ANDREWS AND J. E. GAGE.

Opinion filed July 31, 1903.

**Negligently Setting Fire to Building—Burden of Proof.**

1. Where a shingle from a burning building, carried by a high wind, set fire to plaintiff's property, and he sought to recover from the owner of the burned building, alleging that the fire originated through the negligent use of dangerous machinery, causing friction and intense heat, communicating fire to combustible material negligently permitted

to accumulate in contact with such machinery, the burden of proof was on plaintiff to establish both the cause of the fire and the negligence of defendant.

### Admission of Agent as Part of Res Gestae.

2. An exclamation or statement of an agent made contemporaneously with the principal act or transaction, and forming a natural and material part of it, is competent as being original evidence in the nature of *res gestae,* but not an abstract or narrative statement of a past transaction.

### Agent's Account of Past Transactions Incompetent.

3. A statement of an elevator agent while the elevator was burning, made in answer to an inquiry as to the cause of the fire, that "I tightened up the chain; the fire must have come that way," is incompetent because it relates to a past occurrence, and is a mere statement of opinion.

### Lack of Fire Extinguishing Appliances When Their Employment Would Be Unavailing, Not Negligence.

4. Defendant cannot be held liable for neglecting to have on hand, for immediate use, proper appliances and equipments to extinguish fires, when the evidence shows that the fire could not have been extinguished, no matter what equipment had been furnished.

### Submission to Jury Not Justifiable.

5. Evidence *held* insufficient to justify submission of the case to the jury.

Appeal from District Court, Stutsman county; *Glaspell,* J.

Action to recover for the negligent burning of hay and straw, by George H. Balding against A. C. Andrews and J E. Gage, partners under the firm name of Andrews & Gage. Judgment for plaintiff and defendants appeal.

Reversed.

*Ball, Watson & Maclay,* for appellants.

Statements of elevator agent as to his acts done several hours prior to fire, and his opinion as to cause thereof, inadmissible to bind principals. *Short* v. *N. P. Elevator Co.,* 1 N. D. 159, 45 N. W. Rep. 706; *Luby* v. *Ry. Co.,* 17 N. Y. 131; *Whitaker* v. *Ry. Co.,* 51 N. Y. 595; *Ryan* v. *Gilmer,* 2 Mont. 517.

The statements were mere expressions of opinion, and not admissible. *Ohio & M. Ry. Co.* v. *Stein,* 31 N. E. Rep. 180. Where it appears that efforts to extinguish fire were useless, it was error to instruct the jury, implying that defendants were negligent in not

seeking to extinguish the fire, after it started. *Welter* v. *Leistikow,.* 9 N. D. 283, 83 N. W. Rep. 9; 2 Thompson on Trials, section 2315.

*S. E. Ellsworth* and *John Knauf,* for respondents.

Each transaction is to be characterized by its own facts, without regard to fixed interval of time, and with more regard to the question whether the declarations or admissions seem to have been voluntarily and spontaneously made under the immediate influence of the principal transaction and are so connected with it as to characterize or explain it, and made under such circumstances as to exclude the possibility of a design to misstate a fact. *Short* v. *N. P. Elevator Co.,* 1 N. D. 159, 45 N. W. Rep. 706; Wharton on Evidence, section 259; *Alsever* v. *Minn. & St. L. Ry. Co.,* 88 N. W. Rep. 841; *O'Connor* v. *C. M. & St. P. Ry. Co.,* 27 Minn. 166,. 6 N. W. Rep 481; *Pierce* v. *Van Dusen,* 78 Fed. 693; *Hermes* v. *Ch. & N. W. Ry Co.,* 50 N. W. Rep. 584; *Louisville & C. R. Co.,* v. *Berry,* 28 N. E. Rep. 714. The *res gestae* are not limited to any specific time; according to the circumstances of the case, the time occupied may be a moment, a day or even a month. Gillett on Indirect and Col. Ev., section 253; Wharton on Evidence, section 258; *Trav. Ins. Co.* v. *Sheppard,* 85 Ga. 751, 12 S. E. Rep. 18; *Denver and R. G. Ry. Co.,* v. *Spencer,* 52 Pac. 211.

The events leading up to and culminating in the principal transaction, i. e. the fire that destroyed plaintiff's property, occupied several hours in performance. There were the tightening of the belt, subsequent operation of the machinery, heating of the bearings in the boot, inception of the fire, burning of the elevator, communication to plaintiff's property and its destruction. The declaration of Longbolle, defendant's agent, is therefore closely connected in time and place with the general transaction and made under its immediate influence. *Shafer* v. *Lacook,* 168 Pa. St. 497, 35 Atl. 44; *Yazo & C. R. Co.* v. *Jones,* 19 So. Rep. 91; *Elledge* v. *Nat'l City & O. Ry. Co.,* 34 Pac. Rep. 720; *Linderberg* v. *Crescent Mining Co.,* 33 Pac. Rep. 692; *Homan v. Boyce,* 19 N. W. Rep. 590; *N. Y. and Col. Min. Syndicate & Co.* v. *Rogers,* 16 Pac. Rep. 719; *Durkee* v. *Cen. Pac. R. Co.,* 9 Pac. Rep. 99; *Hanover R. Co.* v. *Coyle,* 55 Pa. St. 396; *Pierce* v. *Van Dusen,* 78 Fed. 693. Admissions of Longbolle were not the only testimony relied on as showing negligence. The inflammable character of the building, and the fact that it might be reasonably anticipated that fire would

break out, made it defendant's duty to provide such means and appliances as an ordinarily prudent man would supply, having due regard for the safety of his property and that of his neighbors. *McNally* v. *Colwell*, 52 N. W. Rep. 70; *Hanch* v. *Hernandez*, 6. So. Rep. 783.

There was no hose or any appliance for extinguishing fire about the building, no well on the premises, and water had to be carried 210 feet. These circumstances fairly presented the question of further negligence, in not providing adequate fire protection, and case should have gone to the jury.

COCHRANE, J. Plaintiff's action is to recover damages for the destruction, by fire, of certain hay and straw stacked near the elevator of defendants. The fire caught from cinders blown into the stacks from the burning elevator of defendants.

The evidence does not disclose the cause or origin of the fire which destroyed appellant's elevator. This is left entirely to speculation and conjecture. At 2 o'clock on the day of the fire, defendant's agent, Longbolle, mended the elevator chain. He operated the machinery from 2 until 5:30 p. m. The fire was discovered in or near the elevator pit about 6:30 or 7 o'clock p. m.

The plaintiff relied upon the declaration of the servant, Longbolle, to establish how the fire started, and that it was the result of negligence. Nels Peterson, a witness for the plaintiff, testified, in effect, that during the burning of the building he had a conversation with Mr. Longbolle, the agent, as to how the fire occurred. "Q. You may state that conversation to the jury." This question was seasonably and properly objected to. The objection was overruled, and the witness, over exception, answered: "A. I asked the agent how this fire come; he answered me. He said, 'I tightened up the chain; the fire must have come that way.' So I said what he done it for. 'Well,' he said, 'the chain would not stay on; it makes me mad'; so he tightened it up, maybe too tight." The objection to this testimony should have been sustained. It was hearsay, and not a part of the *res gestae*.

It is contended by counsel for respondent that the declaration of the agent in this case was made while the fire was burning, and was to the effect that the fire was caused by his negligence; that the act to be illustrated was the cause of the fire, and, if the fire was caused by friction induced by the negligence of Longbolle in operating the machinery with the elevator chain at extraordinary tension,

it must have ignited before 5:30 p. m., when the elevator stopped running; that the declaration was made in view of the conflagration produced by his negligence, and that the fire was a part of the main fact or transaction; therefore proof of this declaration was proper as accompanying the main transaction, and as part of the *res gestae,* within the rule laid down in *Railway Co.* v. *Coyle,* 55 Pa. 396; *Shafer* v. *Lacock* (Pa.) 32 Atl. 44, 29 L. R. A. 254.

Declarations of an agent, to bind the principal, must have been made during the continuance of the agency in regard to a transaction then depending, *et dum fervet opus.* It must be in the nature of a verbal act. To be received in evidence, such declarations must appear to have been voluntarily and spontaneously made under the immediate influence of the principal transaction, and be so connected with it as to characterize or explain it, and made under such circumstances as to exclude the possibility of a design to misstate the facts. *Short* v. *Elev. Co.,* 1 N. D. 163, 45 N. W. 706. In *Lund* v.*Tyngsborough,* 9 Cush. 36, the Supreme Court of Massachusetts discussed at some length when declarations may be considered as part of the *res gestae* and are admissible as original evidence. It is there said: "When the act of the party may be given in evidence, his declarations, made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence. The credit which the act or fact gives to the accompanying declarations as a part of the transaction, and the tendency of the contemporary declarations, as a part of the transaction, to explain the particular fact, distinguish this class of declarations from mere hearsay. Such a declaration derives credit and importance as forming a part of the transaction itself, and is included in the surrounding circumstances, which may always be given in evidence to the jury with the principal fact. There must be a main or principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it." This language was cited with approval by the New York Court of Appeals in *Waldele* v. *Ry. Co.,* 95 N. Y. 278, 47 Am. Rep. 41, and was cited by this court to sustain its conclusion in *Short* v. *Elev. Co.,* 1 N. D. 164, 45 N. W. 706. What, then, is the principal transaction, or, in the language of Justice Harlan, in *Pierce* v. *Van Dusen,* 24 C. C. A.

280, 78 Fed. 693, "the fact necessary to be explained," the *res gestae* of this controversy? We answer, the cause of the fire, with a view to determining whether it was due to the negligence of defendants' agent or servant. Here the *res gestae* was not the fact that plaintiff's grain was destroyed by fire, or that the fire was communicated from defendants' burning elevator. These facts were apparent and undisputed. *Waldele* v. *Ry. Co.,* 95 N. Y. 274, 47 Am. Rep. 41; *Thayer's Cases on Evi.* 664. Nor was it the act of tightening the elevator chain, for the tightening of the chain was an antecedent and independent fact, which should have been proved by legal evidence before it could be made available to plaintiff. *Ehrlinger* v. *Douglas,* 81 Wis. 59, 50 N. W. 1011, 29 Am. St. Rep. 863; *McDermott* v. *Ry. Co.,* 87 Mo. 300. With a proper foundation laid, the fact that the chain was tightened by Longbolle before he started the machinery in operation was competent evidence in the case as tending to show that he knowingly operated the machinery when the chain was at unusual tension, but only after evidence tending to some extent to show that the fire was caused by friction, as alleged, had been received in the case. Such declaration of the agent could not be received for any other purpose than that of showing the knowledge of Longbolle that the chain, when operated, was at an unusual tension, and it could not be considered as tending to establish the fact of tightening the chain. Borrowing an illustration from Chief Justice Henry of Missouri: "If one were offered to testify that he heard another inform the superintendent of facts showing the incompetency of an employe, it would be admissible as showing that the superintendent had knowledge of those facts, if the facts themselves were otherwise proved; but it would certainly be inadmissible to prove those facts. It would be but hearsay evidence, as to the existence of those facts. It is upon the same principle that the admission of an agent of his knowledge of facts is competent to prove his knowledge of the facts, if the existence of such facts is otherwise proved, but it is incompetent to prove the existence of the facts. What an agent says is but hearsay as against the principal, unless a part of the transaction he is engaged in at the time." *McDermott* v. *Ry. Co.,* 87 Mo. 285, 300; *Chapman* v. *Ry. Co.,* 55 N. Y. 584.

Longbolle's declaration was not a part of the *res gestae.* At the time it was made he was not transacting the business of the principal. It did not relate to a transaction depending at the very time.

It did not immediately precede or accompany the act which led to the catastrophe, or constitute any part of the act. It was a narrative only of a transaction then past. *Luby* v. *Ry. Co.,* 17 N. Y. 133; *Adams* v. *Ry. Co.,* 74 Mo. 553, 41 Am. Rep. 333; *Smith* v. *Ry. Co.,* 91 Mo. 58, 3 S. W. 836; *Vicksburg Ry. Co.* v. *O'Brien,* 119 U. S. 99, 7 Sup. Ct. 118, 30 L. Ed. 299; *Tennis* v. *Ry. Co.* (Kan.) 25 Pac. 876; *Alabama, etc., Ry. Co.* v. *Hawk* (Ala.) 47 Am. Rep. 403; *Durkee* v. *Ry. Co.* (Cal.) 11 Pac. 130, 58 Am. Rep. 562; *Hawker* v. *Ry. Co.,* 15 W. Va. 628, 36 Am. Rep. 825; *Wormsdorf* v. *Ry. Co.,* 75 Mich. 472, 42 N. W. 1000, 13 Am. St. Rep. 453; *McDermott* v. *Ry. Co.,* 87 Mo. 299; *Lane* v. *Bryant,* 9 Gray 247, 69 Am. Dec. 282; *Whitaker* v. *Ry. Co.,* 51 N. Y. 295; *Barnes* v. *Inhabitants* (Me.) 52 Atl. 844; *Blackman* v. *Ry. Co.* (N. J. Sup.) 52 Atl. 370; *Ryan* v. *Gilmer,* 2 Mont. 517, 25 Am. Rep. 744; *Ehrlinger* v. *Douglas,* 81 Wis. 59, 50 N. W. 1011, 29 Am. St. Rep. 863; *State* v. *Montgomery,* 8 Kan. 351; *Short* v. *Elev. Co.* 1 N. D. 159, 45 N. W. 706. If, while Longbolle was engaged in running the elevator with the chain at unusual tension, so as to cause heat in the bearings through the consequent friction, the elevator building had caught fire from this cause, a declaration then made, such as the one received in this case, would have been competent. But here the running of the elevator had ceased more than an hour before the fire was discovered, and Longbolle knew no more as to the cause of the fire than the person in whose hearing the declaration was made or the jury who tried the case. That the declaration was made while the fire was burning, and under the impulse excited by a view of the probable consequences of his negligent act, is not significant. In *Hawker* v. *Ry. Co.,* 15 W. Va., 639, the court, on this point said: "The fact that the engine which had been thrown from the track when the accident occurred was still off the track when these declarations were made, it seems to me, has no bearing on the question, for the throwing of the engine off the track was not the principal fact to be shown. Indeed, it had nothing to do with the subject of inquiry before the jury, the manner in which the cattle had been killed." In that case the declaration was made within an hour after the accident by the engineer on the engine which had caused the accident, and in view of the consequences of the declarant's negligent act. The case of *Hanover Ry. Co.* v. *Coyle,* 55 Pa. 402, cited by respondent, is distinguishable from the one at bar. In that case the declaration of the engineer

was made in view of the goods strewn along the road by the breaking up of the boxes, the result of the accident. It was made immediately after the happening of the fact. But there was no doubt, under the proofs in that case, that the train ran into the peddler's cart while it was under the control of the engineer who made the declaration. This case has been much cited, and is otherwise in point in sustaining respondent's contention; but this court, early in the history of the state, declared squarely in favor of the doctrine that declarations must accompany the act they characterize and be a part of it. "Sound public policy requires that the established rule as to this class of evidence should be strictly adhered to and not extended. It is a species of evidence liable to abuse, and often, as in this case, the party making the declaration is a witness at the trial, testifying to the facts, his declarations made at any time, however short, after the occurrence has ended, in regard to the occurrence itself, are merely narrative, and should not have the force of evidence, unless they are strictly and unquestionably a part of the *res gestae.* They are not so in this instance." *State v. Maddox* (Me.) 42 Atl. 790. "It is enough, where the object is to visit the consequences of a wanton act upon a party who, for aught that appears, believed its servant to be free from the wantonness imputed to him, that it did not appear affirmatively that the declarations were made when they could properly be regarded as made at the time the injury was inflicted." *Whitaker* v. *Ry. Co.,* 51 N. Y. 295. Longbolle was a witness in this case, and, if the matters he stated in answer to the question of Nels Peterson were of evidential value to plaintiff, they could have been proven by competent, and not by hearsay, evidence. In *Adams* v. *Ry Co.,* 74 Mo. 559: "The servants who made the declarations offered in evidence were competent witnesses for plaintiffs to prove that her husband was seen on the trestle by the servants managing the train, and that the train could have been stopped before it reached him. If the train could have been stopped after deceased was discovered on the trestle by defendants' servants, that fact could have been proved by legitimate testimony. It is no answer to this that plaintiff could not rely upon them because they were in defendants' employment. We are not to assume, in order to admit incompetent evidence, that the only person to whom the facts to be proved is known would commit perjury. If plaintiff cannot prove by competent testimony a fact essential to

her recovery, we cannot establish a rule in her favor which, in a hundred other cases, would probably lead to manifest injustice."

We conclude that the part of the declaration of Longbolle concerning the tightening of the chain could not be proven in this way. So far we have considered only that part of the declaration as to the tightening of the chain. This was not the entire declaration received in evidence. Its concluding part, to the effect that the fire "must have come that way," either taken by itself or in connection with what preceded and followed it, was incompetent as a mere expression of opinion, guess, or conjecture of the declarant. *Ohio & Miss. Ry. Co.* v. *Stein* (Ind. Sup.) 31 N. E. 180, 19 L. R. A. 751; *Lane* v. *Bryant,* 9 Gray 245, 69 Am. Dec. 282; 24 Am. & Eng. Cyc. L. 664; *Baxter* v. *Ry. Co.* (Minn.) 75 N. W. 1114; *Montague* v. *Ry. Co.,* (Wis.) 72 N. W. 41; *Megow* v. *Ry. Co.,* 86 Wis. 466, 56 N. W. 1099; *Gainsville, etc., Ry. Co.* v. *Edmonson* (Ga.) 29 S. E. 213. In *Ohio, etc., Ry. Co.* v. *Stein* (Ind. Sup.) 31 N. E. 180, 19 L. R A. 751, the engineer of the train causing the injury exclaimed, "If that man last night would have fixed that cylinder cock, you would never have been hurt." The court said concerning it: "This declaration related to the past, and was a narrative of what had been done at an entirely different time and place. It was, indeed, a combination of an opinion and a narrative of the things that had passed, for it was a statement of the engineer's opinion that if, on the night before, something had been done which he had then directed, the collision could not have taken place It is too well settled to excuse the reference to authorities that neither narratives of past occurrences nor matter of opinion can be placed before a jury by proving the declarations of an agent or servant." In *Lane* v. *Bryant,* 9 Gray 247, there was a collision between plaintiff's and defendant's carriages. Defendant's driver, at the time of the accident, while plaintiff was being extricated from his carriage, and while the crowd was about, said that the plaintiff was not to blame for what had occurred; but this evidence was declared incompetent, for one reason, because it was only the expression of opinion about a past occurrence, and not a part of the *res gestae.* The cause of the fire was not to be proven by opinion evidence, because, from anything appearing in the case, the jury were as capable of forming an opinion on the subject as was Longbolle. *Rogers, Exp. Test.* Section 5; *Kent* v. *Miltenberger,* 15 Mo. App. 480; *Railroad Co.* v. *Schultz,* 43 Ohio St. 270, 1 N. E. 324;

*Crane* v. *Northfield,* 33 Vt. 126; *Parkhurst* v. *Masteller,* 57 Iowa 476, 10 N. W. 864. And no attempt was made to prove any facts on which such opinion could rest, or which would justify the taking of non-expert opinion as to the cause of the fire. *Southern Ry. Co.* v. *McLellan* (Miss.) 32 South. 283, is not an authority against this position. The expression of opinion there was received as a declaration against his interest made by the party plaintiff. It was not the declaration of a third party for which the litigant sought to be held or bound by it was in no way responsible.

Appellants assign error upon the denial of the court of their motion for a directed verdict. The burden of proof was on the plaintiff to establish the cause of the fire, and that it was the result of want of ordinary care on the part of defendants or their agent. The court so instructed the jury.

Plaintiff in his complaint alleged, as defendants' negligence, that they operated their elevating machinery when, because of the defective character, improper adjustment, and unusual tension of the elevator chain upon the roller, and the neglect to lubricate the bearings of the same, an intense heat was generated in the bearings by the friction thereon, and the chaff and other inflammable material that defendants had allowed to accumulate about the bearings, coming in contact with the heated part, took fire. Plaintiff assumed to prove, in support of this allegation, that the fire originated from the friction of the shaft or axle in its bearings igniting inflammable materials negligently permitted to come in contact with the bearings. Aside from some evidence that the fire was first seen near to or in the pit, and the incompetent conjecture of the agent as to its cause, no evidence was produced by plaintiff as to how the fire started. When plaintiff rested his case he had not furnished any evidence which would have warranted the jury in finding that the elevator chain was operated when it was defective in any way, when it was at an unusual tension, or when it was improperly adjusted; nor was any evidence offered at all that the bearings were not properly lubricated, or that inflammable matter had accumulated around the bearings, or that the fire started in this way. His allegations as to negligence were wholly without support. The defendants offered evidence showing that the bearings were lubricated; no accumulations of any kind of combustible material in the pit; that there was nothing combustible in contact with the bearings, although the babbitt was encased in wood; that the elevator chain was not

tighter than usual; and that conditions were the same as they had been for four years before. In rebuttal, plaintiff offered evidence that when shafting was out of plumb it resulted in greater friction and the generation of heat; also that a tightening of the elevator chain too much would raise the bottom shaft to the top of the boxing, causing pressure on top of the boxing, and lack of lubrication, because the oil would be in the bottom of the box, but no evidence was offered that these conditions did in fact exist. This was the condition of the proofs when the case was submitted. The verdict in this condition of the proofs, was speculative, resting upon the declarations of the agent as to his conjectures.

The proofs do not establish by any competent evidence facts sufficient as to the cause of the fire to make a question for the jury's consideration. The proofs are not inconsistent with or contradictory of any other cause for the fire. If an incendiary had caused the destruction of the elevator building by lighting a fire under it after the agent had gone to supper, the proofs harmonize with this hypothesis as well as with the one assumed by plaintiff. The evidence does not exclude this possibility; neither the chance of accidental fire. On November first there may have been a fire in the elevator, and a coal or cinder may have escaped, causing the destruction of the building; a lighted match or cigar thoughtlessly dropped; a spark from a passing engine; the evidence does not exclude these possibilities.

It is not asking too much of a plaintiff, when he alleges negligence, that he be required to prove it. When he claims damages because of fire, which he avers was started through the neglect to observe due care and caution, his proofs must establish the charge. Mere speculation or possibility will not do. *Sheldon* v. *Ry. Co.,* 29 Barb. 228; *Longabaugh* v. *Ry. Co.,* 9 Nev. 296; *Smith* v. *Ry. Co.,* 37 Mo. 295; *Omaha Ry. Co.* v. *Clark* (Neb.) 53 N. W. 970, 23 L. R. A. 509; *Kilpatrick* v. *Richardson* (Neb.) 56 N. W. 481; *White* v. *Ry. Co.,* 1 S. D. 330, 47 N. W. 146, 9 L. R. A. 824. In *Sheldon* v. *Ry. Co.,* 29 Barb. 228, the court say: "The plaintiff must show that the act or omission of which he complains was the act or omission of the defendant, and also that such act or omission was a negligent one. It is not enough for him to show that the defendant used fire to generate steam; that the locomotive engines running upon the road occasionally emitted sparks of fire and cinders; that his mill was within sixty-seven feet of the track of the road,

with some of the west windows and those next the road left open and carpenters' shavings and other combustible matter upon the floor; that no business was carried on at the mill and no one employed about it at the time; that the west wind was blowing stiffly when the fire was discovered, and that the company's trains passed to and fro several times each day. These circumstances are quite material and essential, but, without something in addition, they do not establish the principal fact alleged in the complaint, because they do not exclude the idea that the fire may have originated in some other source. Standing alone, these circumstances do no more than make out a possible case that possibly the fire proceeded from the defendant's locomotives. It is not enough for the plaintiff to show a possibility that the fire was communicated to the mill by sparks emitted by defendant's locomotives. He cannot recover upon a possibility. Even if the evidence went further and brought the facts sought to be proved within a probability, still the plaintiff must fail, because, to justify a verdict, the law requires, not positive proof, it is true, but such proof as will leave no reasonable doubt of the existence of the fact upon which it must rest. The rights of property, and all claims to its possession and enjoyment, are dependent upon the existence of the facts, and when they are disputed and become the subjects of judicial investigation, if juries could assume their existence without sufficient evidence, and render verdicts upon possibility, probability, and conjecture, the courts would be shorn of their legitimate authority, and the wise and just rules of the common law, as they have been recognized and applied from time immemorial would lose their principal value." James McDonald testified in rebuttal to statements made by Longbolle in his presence as to the cause of the fire. This evidence was properly received only as impeaching Longbolle, and could not be considered as evidence of the matters narrated. *Barnes* v. *Rumford* (Me.) 52 Atl. 844.

One other point remains to be mentioned. Plaintiff alleged negligence in that defendants knew that their elevator was built of inflammable material and was liable to fire, and it negligently omitted to provide buckets, hose, water, and appliances for its extinguishment should fire break out in said building. There was evidence that a barrel about two-thirds full of water was on the lower floor, and another barrel about two-thirds full of water was upstairs in the elevator. There was no well about the building,

no hose or other appliance for extinguishing fire. One of plaintiff's witnesses testified: "I did not make any effort to extinguish the fire. I did not think there was any possible chance. There was no water or hose, or any appliance for extinguishing a fire of that kind that I could see. I did not look around to try and find something. If we had a regiment of men we could not put it out. There was no well about the elevator. No attempt was made to put the fire out after it got above the floor. We did not attempt to put out the fire in the elevator. I thought it was useless to try." It also appeared that when the parties got to the elevator after the fire was discovered it was impossible to get into the room where the fire was, because of the fire. There was no evidence to the contrary in the record. If fire extinguishers had been provided they could have been of no possible use in extinguishing the fire. The failure to provide such extinguishers or appliances could not, therefore, render defendants liable.

We do not decide that defendants were under duty to keep on hand water, hose, and appliances to extinguish fire. Neither do we decide whether, in this case, the circumstances justified the submission of that point to the jury. If, as the uncontradicted evidence shows, the fire could not have been quenched or controlled, nor the burning shingles stopped from falling upon and igniting plaintiff's stacks, had every reasonable precaution for the arrest and putting out of the fire been provided and employed, it follows that plaintiff was not in any way damnified by the failure of defendants to keep such appliances on hand, so that what duty defendants were under to maintain fire extinguishers it is unimportant to decide. In *McNally* v. *Colwell* (Mich.) 52 N. W. 70, 30 Am. St. Rep. 494, the fire must have run down the docks extending from the mill to the lake, and on which dock the lumber was burned. A fire in the mill would naturally burn the dock and lumber, unless arrested. Under the conditions there shown, and with the ample supply of water at hand, had a means of throwing it upon the dock been provided, the spread of the fire along the dock and to the lumber might have been easily prevented, from anything appearing to the contrary. In that case the facts fairly presented the question for the jury whether, had proper appliances been provided, the fire could have been extinguished. In neither this case nor the Louisiana case cited (*Hanch* v. *Hernandez*, 41 La. Ann. 992, 6 South. 783) did the proofs show that fire extinguishers would have been un-

availing if there. The McNally case is authority for our conclusion. It was there held error to submit to the jury the question whether the defendant was negligent in knowingly employing an engineer and fireman at his mill who were incompetent to perform their duties because addicted to the use of intoxicating liquors, when their intoxication was not shown to have had any bearing upon the origin of the fire or the failure to extinguish it; and had the evidence been in the same condition as to fire extinguishers, and not only failed to show but negatived the fact that extinguishers of any kind could in any way have been made available to prevent the injury complained of, the court would have held, as we do, that there was nothing for the jury on such point. *Hawker* v. *Ry. Co.*, 15 W. Va. 642, 36 Am. Rep. 825; *Flattes* v. *Ry. Co.*, 35 Iowa 191; *Illinois Central Ry. Co.* v. *Phelps*, 29 Ill. 447; *Galena, etc., Ry. Co.* v. *Loomis,* 13 Ill. 548, 56 Am. Dec. 471.

Exceptions were reserved to the court's instructions to the jury, but in view of the conclusion at which we have arrived, it is unnecessary to consider them. Our conclusion is that the court erred in overruling defendant's motion for a directed verdict.

Since the filing of this opinion, counsel for respondent, within rule time, filed a petition for rehearing. It has been carefully considered. Upon suggestions contained in it, we have modified one statement and incorporated in this opinion some additional considerations to what was originally written; but, as the changes do not affect the result, a rehearing is denied. The judgment of the district court is reversed. That court is directed to reverse its judgment and to enter a judgment of dismissal. Appellants will recover costs of both courts. All concur.